MEMORANDUM *
Candy J. Vasquez appeals the ALJ’s decision that she was not disabled within the meaning of the Social Security Act because she retained residual functional capacity sufficient to perform her previous work. The district court affirmed the ALJ. We reverse and remand for the award of benefits.
Given the severity of Vasquez’s impairments, we are convinced that the ALJ *732 erred in finding Vasquez’s testimony not credible and that Vasquez retained residual capacity to work. Reports from several treating physicians, including Doctors Ro-nay, Evans, Huynh, and Melendez, as well as the record as a whole, demonstrate that Vasquez suffered from several disabling conditions: morbid obesity, she weighed over 370 pounds while standing only 4' 10" tall; diabetes and diabetic neuropathy; persistent imbalance causing frequent falls; spinal degeneration; knee and hip pain; difficulty walking; and a host of other impairments that impeded her capacity to work. One treating physician twice opined in his notes that Vasquez was disabled.[1] Vasquez’s testimony was entirely consistent with these impairments: she testified to the substantial limitations and physical pain caused by these impairments.
In light of these impairments, we conclude that there was not substantial evidence supporting the ALJ’s decision that Vasquez’s testimony was not credible and that she should be denied benefits. See Reddick v. Chater, 157 F.3d 715, 720-21 (9th Cir.1998). In assessing Vasquez’s capacity to work during the twelve month qualifying period, the ALJ appears to have improperly relied on Vasquez’s weight loss following her gastric bypass surgery, which occurred over two years after the onset of disability. See Lingenfelter v. Astrue, 504 F.3d 1028, 1039 (9th Cir.2007). We also disagree with the ALJ’s reliance on Vasquez’s failure to take stronger pain medication as proof of her level of pain and with its findings that Vasquez’s limited daily activities at home supported an inference that she could work. See Reddick, 157 F.3d at 722-26. Not only were these activities quite limited, the ALJ mischarac-terized the record regarding several of the activities. Vasquez’s testimony that she “use[s] one of [those] little electric carts” when going to the market and the record reflecting that she used a wheelchair when leaving the house completely undermines the ALJ’s conclusion that Vasquez’s ability to run errands was inconsistent with disability. The ALJ’s findings regarding Vasquez’s other activities, such as cooking dinner, which she had to do in “shifts,” and her control of her diabetes and diabetic neuropathy are similarly contradicted by the record. See id. at 722 (“[Disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.”). We find no clear and convincing reasons for rejecting Vasquez’s testimony.[2] See Lingenfelter, 504 F.3d at 1036-37.
Because we find that the record is replete with evidence of disability, and because we find the ALJ improperly discred *733 ited Vasquez’s testimony, we conclude that the record compels a finding that during the relevant period Vasquez was disabled within the meaning of the Social Security Act. Therefore, we reverse and remand for an award of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.1996).
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. In contrast, none of the doctors whose opinion the dissent cites were treating physicians. See Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n. 10 (9th Cir.2007) (explaining that "a treating physician's opinion must be given controlling weight if it is well-supported and not inconsistent with the other substantial evidence in the record” and even if not afforded controlling weight must still be afforded deference; such opinions cannot be discounted without providing specific and legitimate reasons). In addition, in large part these doctors’ examinations — which noted extreme morbid obesity, diabetes, trauma to Vasquez's knee, and back strain — were consistent with Vasquez’s claims of physical disability and her treating physicians' reports. Finally, because we do nol rely on Vasquez's claimed mental disabilities, the opinions of doctors Smith and Schrift are largely irrelevant. To the extent that these opinions describe Vasquez’s daily activities and physical limitations, they strongly suggest disability.

. Even if we were willing to speculate that Vasquez occasionally engaged in swimming during her disability period, despite an absence of record evidence on this point, this would not change our conclusion. Cf. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989) (noting that many daily activities may not be transferable to the more grueling work environment).